*James v. Bush*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand fourteen.

PRESENT:
> **JOSÉ A. CABRANES**,
> **DENNY CHIN**,
> **RAYMOND J. LOHIER, JR.**,
> *Circuit Judges.*

_____

Andrew James,

> *Plaintiff-Appellant*,

> v.                                              14-532

George W. Bush, Sr., Ex-United States of America President,

> *Defendant-Appellee*.

_____


**FOR PLAINTIFF-APPELLANT:**      Andrew James, *pro se*, Marcy, NY

**FOR DEFENDANT-APPELLEE:**       Brenda K. Sannes, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*; Therese Wiley Dancks, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Andrew James, proceeding *pro se*, appeals from the District Court's judgment, dated February 11, 2014, dismissing his action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009).

As an initial matter, James has waived review of all of his claims–except for his request that exculpatory evidence be turned over–by failing to make any arguments on appeal. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). With respect to James's sole remaining argument–that *Heck* does not bar an injunction requiring that exculpatory evidence be turned over–we have indeed held that such a request is not necessarily barred by *Heck*. *See*

*McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007) ("even if a plaintiff's ultimate motive is to challenge his conviction—a post-conviction claim for access to evidence is cognizable under § 1983."). Nonetheless, we "may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the District Court." *Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006). Here, James's claim that a former President personally ordered the murder of an individual appears to be the product of delusion or fantasy. *See Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (explaining that dismissal is proper where complaint's factual allegations are the "product of delusion or fantasy") (internal quotation marks omitted)). Moreover, James's allegation that one of the former President's aides showed him an "official" document that allegedly contained the former President's signature is based on mere speculation that such documentation was authentic. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly,* 550 U.S. at 555) (To survive dismissal, a plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "'to raise a right to relief above the speculative level.'"). Finally, amendment would have been futile given the implausible and speculative nature of James's allegations. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered James's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3